UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05CV62-EHJ

VICKIE L. REDMON                                                                                    PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                         DEFENDANT

## MEMORANDUM OPINION

This case is before the Court upon plaintiff Vickie Redmon's objections to the Findings of Fact, Conclusions of Law and Recommendation of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed Findings of Fact, Conclusions of Law and Recommendation of the Magistrate should be adopted, and the Decision of the Commissioner should be affirmed.

Ms. Redmon filed her application for disability benefits on May 14, 2003 alleging that she became disabled on March 26, 2003 as a result of back problems (Tr. 58). After a hearing on September 1, 2004, Administrative Law Judge Roger Reynolds ("ALJ") found that Ms. Redmon has severe impairments including chronic low back pain secondary to degenerative disc disease with mild bulge at L5-S1 and gastro-esophageal reflux disease (Tr. 22), but that these impairments do not meet or medically equal listed impairments. Though she cannot perform her past relevant work, the ALJ found that she retains the residual functional capacity to perform a range of light and sedentary work activity (Tr. 22).

The claimant appealed the unfavorable Decision to this Court, and the Magistrate Judge has recommended that the Commissioner's Decision be upheld. The plaintiff has filed objections to the Magistrate's report, arguing that 1) the ALJ erred by failing to give controlling weight to the opinion

of treating physician Dr. Aaron; 2) the ALJ erred in making credibility findings that are not supported by substantial evidence; and 3) the ALJ failed to give proper weight to the medical records of neurosurgeon Dr. Amr El-Naggar.

The ALJ did not err in refusing to give controlling weight to the disabling opinions of Dr. Aaron as his opinions were unsupported by medically acceptable clinical and laboratory diagnostic techniques and were inconsistent with other substantial evidence of record, 20 C.F.R. §404.1527(d)(2). The ALJ properly considered plaintiff's activities of daily living in making this determination. The fact that Dr. Aaron saw plaintiff only four times between May 13, 2003 and July 27, 2004 without ordering x-rays or other diagnostic testing also supports the ALJ's conclusion.

Next, the claimant urges that the ALJ erred in his credibility findings. However, it is clear from the ALJ's Decision that he considered her subjective complaints of pain within the context of the objective medical evidence as is required by 20 C.F.R. §404.1529(c)(3). Again, the ALJ included in his analysis the plaintiff's activities of daily living, as well as the degree of medical treatment required and her medical history. In reviewing the entire record, the Court finds that the ALJ's credibility determinations are supported by substantial evidence.

Finally, the claimant argues that the ALJ failed to give proper weight to the medical records of Dr. Amr El-Naggar. In this instance, the ALJ properly noted the conservative treatment measures undergone by plaintiff, as well as the opinion of Dr. El-Naggar that he would continue to treat her conservatively with physical therapy and steroid injections. Of additional import are the two state agency opinions which indicate that plaintiff can perform medium exertional work, as well as the February 2003 lumbar spine x-rays which were normal. The Court finds no error in the ALJ's treatment of Dr. Amr El-Naggar's opinions.

After reviewing the record in its entirety and conducting a de novo review of the matters raised by each of these objections, the Court has determined that the analyses and conclusions of the Magistrate Judge mirror those of the undersigned. The Court adopts the Magistrate Judge's Findings of Fact, Conclusions of Law and Recommendation in their entirety.

A Judgment in conformity has this day entered.